KAREN L. LOEFFLER
United States Attorney

YVONNE LAMOUREUX
Assistant U.S. Attorney
District of Alaska
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: yvonne.lamoureux@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EAST WEST SEAFOODS LLC,<br><br>Defendant. | ) No. 3:15-CR-00067 SLG<br>)<br>)<br>) **PLEA AGREEMENT**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Unless the parties jointly inform the Court in writing of
any additional agreements, this document in its entirety
contains the terms of the plea agreement between the
defendant and the United States. This agreement is
limited to the District of Alaska; it does not bind other
federal, state, or local prosecuting authorities.**

## I. TERMS OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11, WAIVER OF CLAIM FOR ATTORNEY'S FEES AND COSTS, BUSINESS ORGANIZATION, CORPORATE AUTHORIZATION

### A. Terms of Agreement

Defendant East West Seafoods LLC agrees to plead guilty to Counts 1, 2, 3, and 4 of the Indictment charging it with violations of the Act to Prevent Pollution from Ships, in violation of 33 U.S.C. § 1908(a), the Clean Water Act, in violation of 33 U.S.C. § 1319(c)(2)(A) and 33 U.S.C. § 1321(b)(3), and the Refuse Act, in violation of 33 U.S.C. §§ 407 and 411. The United States agrees not to prosecute the defendant further based upon facts now known for any other offense related to the events that resulted in the charges contained in the Indictment or referenced in the factual basis for this agreement.

The parties agree to recommend that the defendant should be sentenced to pay a fine in the amount of $50,000, and to serve a five (5) year term of probation with special conditions that it (1) will pay in full all pre-existing Coast Guard and OSHA fines by the date of sentencing in this case; (2) will pay at least $10,000 towards the fine in this case each year of probation; (3) will submit to a warrantless search of person, residence, vehicle, personal effects, place of employment, and other property by a federal probation or pretrial services officer or other law enforcement officer, based upon reasonable suspicion of contraband or a violation of a condition of probation; (4) will provide the United States Attorney's Office for the District of

Alaska and the United States Probation Office for the District of Alaska with immediate notice of any name change, business reorganization, change of control or ownership, or similar action that significantly impacts the operation of the defendant's business or the fulfillment of the Plea Agreement and will provide both offices with immediate notice of any acquisition, sale, change in management, operation or ownership of any vessel that is owned or operated by the defendant or any affiliated entity; (5) will submit to unannounced inspections of any vessel it owns, operates, manages, or controls, by the United States, including law enforcement; (6) will instruct crewmembers on the proper operation of the pollution prevention equipment, including the Oil Water Separator, and the completion of the Oil Record Book; and (7) will review and certify the accuracy of the Oil Record Book every six months for any vessel owned, operated, managed, or controlled by defendant.

The parties are free to make any other sentencing recommendations consistent with this agreement. Any agreements the parties have on sentencing recommendations and guideline applications are set forth in Section III. The defendant will waive all rights to appeal the conviction and sentence imposed under this agreement, and will waive all rights to collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the pleas, as detailed herein.

Nothing in this agreement shall be construed to release the defendant from possible related or consequential civil liability (including administrative sanctions) to any individual, legal entity, or the United States.

### B.    Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or the guilty plea if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

### C.    Waiver of Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

### D.    Business Organization

This agreement shall bind defendant, its direct and indirect subsidiaries, and any successor entities. This includes any person or entity that assumes defendant's liabilities or obligations, or takes over defendant's business operations. Defendant, or its successors-in-interest, shall provide the United States Attorney's Office for the District of Alaska and the United States Probation Office for the District of Alaska with prompt notice of any name change, business reorganization, sale or divestiture of assets, or similar action that significantly impacts implementation of this plea agreement. Defendant currently owns and operates the F/V Pacific Producer, IMO Number 5111244.

No change in name, change in corporate or individual control, business reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter the defendant's responsibilities under this agreement. The defendant shall not engage in any action to seek to avoid the obligations and conditions set forth in this agreement

### E.    Corporate Authorization

The defendant agrees that this plea agreement will be executed and signed by a person authorized by law and by East West Seafoods LLC to enter into this agreement and to plead guilty on behalf of the defendant. The defendant further agrees that it will provide the U.S. Attorney's Office and the Court original written resolutions signed by East West Seafoods LLC certifying that the defendant is authorized to plead guilty to the Indictment, and to enter into and comply with all provisions of this agreement. The resolutions shall further certify that an identified individual is authorized to sign this agreement and to take these actions and that all corporate formalities have been observed.

## II.    CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE, FORFEITURE, RESTITUTION, FINE

### A.    Charges

The defendant agrees to plead guilty to the following counts of the Indictment:

Count 1: Act to Prevent Pollution from Ships, a violation of 33 U.S.C. § 1908(a);

Count 2: Clean Water Act, a violation of 33 U.S.C. § 1319(c)(2)(A) and 33 U.S.C. §

1321(b)(3); and Counts 3 and 4: Refuse Act, a violation of 33 U.S.C. §§ 407 and 411.

**B.    Elements**

The elements of the charges to which the defendant is pleading guilty are as follows:

**Count 1:**  Act to Prevent Pollution from Ships (APPS)

1. The defendant is a person;

2. Who knowingly;

3. Failed to accurately maintain an Oil Record Book for a ship of 400 gross tons and above; and

4. While subject to APPS oil discharge regulations (i.e. while in the navigable waters or at a port or terminal of the United States).

**Count 2:**  Clean Water Act

1. The defendant is a person;

2. Who knowingly;

3. Discharged oil;

4. Into the navigable waters of the United States, adjoining shorelines, or into the waters of the contiguous zone; and

5. In a quantity that may be harmful to the natural resources of the United States.

//

**Counts 3 and 4:** Refuse Act

1. The defendant is a person;

2. Who throws or discharges or deposits;

3. From a ship, barge, or other floating craft of any kind;

4. Any refuse matter of any kind or description whatever;

5. Into any navigable water or tributary; and

6. Without a permit.

**C.    Factual Basis**

The defendant admits the truth of the allegations in Counts 1 through 4 of the Indictment filed in this case and the truth of the following statement and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty pleas and for the imposition of the sentence:

Defendant East West Seafoods LLC ("East West Seafoods"), a State of Washington limited liability company, has been the owner and operator of the Fishing Vessel (F/V) Pacific Producer since at least November 2008. Since at least approximately April 10, 2007, Christos Tsabouris ("Tsabouris") has been the manager and a member of East West Seafoods LLC. Tsabouris has been the fleet manager and has had charge of the F/V Pacific Producer since at least November 2012.

The F/V Pacific Producer is a large seafood processing vessel and is registered in the United States with an Official Number of 250021 and an International

Maritime Organization (IMO) Number of 5111244. The F/V Pacific Producer is a
472 gross ton fishing vessel built in 1946 and is approximately 169 feet in length.

On March 15, 2013, the F/V Pacific Producer was travelling from Kodiak and
grounded near the Ouzinkie Narrows. While the F/V Pacific Producer was within
three miles of shore, East West Seafoods unlawfully discharged approximately 1,000
gallons of raw sewage from the F/V Pacific Producer into Chiniak Bay between
Long Island and Spruce Island without a permit. When the Coast Guard boarded the
F/V Pacific Producer as a result of the grounding, the Coast Guard noted that the F/V
Pacific Producer had not been maintaining an Oil Record Book and provided
Tsabouris with a blank Oil Record Book and provided him with detailed instructions
regarding the requirements of maintaining an accurate Oil Record Book. After the
F/V Pacific Producer refloated, the F/V Pacific Producer travelled to the Ouzinkie
port.

On March 29, 2013, while the F/V Pacific Producer was departing from the
ferry dock in Ouzinkie, East West Seafoods knowingly discharged a harmful
quantity of oil into the water while the F/V Pacific Producer was within three miles
of shore and caused a sheen upon the surface of the water. Tsabouris regularly used
an illegal pump system to knowingly discharge oily bilge water directly overboard.
The illegal pump system consisted of a 55 gallon barrel with portable pumps and
hoses. One pump's suction was connected to a hose that was placed in the

machinery space bilge, which allowed pumping of oily bilge water to the 55 gallon barrel. Then oily water was pumped from the 55 gallon barrel through a hose directly overboard. Any remaining oil in the 55 gallon barrel was subsequently pumped into the slop tank. The illegal pump system allowed Tsabouris to discharge oily bilge water from the bilge directly overboard without processing it through the required pollution prevention equipment (Oil Water Separator and oil content meter). While there was an Oil Water Separator on board the F/V Pacific Producer, it was not connected to any of the piping and was inoperative.

East West Seafoods also knowingly failed to maintain an accurate Oil Record Book as required by the Act to Prevent Pollution from Ships (APPS). Tsabouris failed to record the discharges of oil into the sea by way of the illegal pump system in the F/V Pacific Producer's Oil Record Book. Tsabouris also failed to record the transfers and storage of waste oil from that 55 gallon barrel to the engine room sludge tank in the F/V Pacific Producer's Oil Record Book. In addition, Tsabouris failed to record the inoperability of the Oil Water Separator in the F/V Pacific Producer's Oil Record Book. East West Seafoods is liable for the actions of its crewmembers onboard the F/V Pacific Producer. Accordingly, East West Seafoods admits that it knowingly presented the false and fictitious Oil Record Book to the United States Coast Guard and/or had it available for inspection by the United States Coast Guard, in violation of APPS, when the F/V Pacific Producer was in Kodiak,

Alaska on January 27, 2014. East West Seafoods knew that its use of the pump system and failure to record the discharges was illegal.

When the Coast Guard boarded the F/V Pacific Producer in Kodiak, Alaska, on January 27, 2014, there was raw sewage flowing from piping onto the open weather deck. There was a vent pipe that discharged raw sewage onto the weather deck and over the side of the vessel into the water. East West Seafoods unlawfully discharged raw sewage from the F/V Pacific Producer into St. Paul Harbor while the vessel was within three miles of shore without a permit.

East West Seafoods admits that it is responsible for the actions of Christos Tsabouris and the crew of the Pacific Producer as outlined herein, and agrees that the facts described above support convictions for knowingly violating the Clean Water Act and the Act to Prevent Pollution from Ships, and for violating the Refuse Act.

### D.     Statutory Penalties and Other Matters Affecting Sentence

#### 1.     Statutory Penalties

The statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty pleas, are as follows:

**Count 1:** Act to Prevent Pollution from Ships

> 1) a maximum 5 years' probation;
>
> 2) a maximum $500,000 fine; and
>
> 3) a $400 mandatory special assessment.

**Count 2:** Clean Water Act

    1) a maximum 5 years' probation;

    2) a fine that is the greatest of: (1) a minimum of $5,000 per day of

    violation and maximum of $50,000 per day of violation, or

    (2) $500,000; and

    3) a $400 mandatory special assessment.

**Counts 3 and 4:** Refuse Act

    1) a maximum 5 years' probation;

    2) a maximum $200,000 fine; and

    3) a $125 mandatory special assessment.

### 2. Other Matters Affecting Sentence

#### a) Conditions affecting the defendant's sentence

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 2) the Court may order the defendant to pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

#### b) Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order,

and are to be delivered to the Clerk of Court, United States District Court, 222 W.

7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### E.   Forfeiture

There are no assets to be forfeited under this agreement.

### F.   Restitution

The parties have no agreement regarding restitution.

### G.   Fine

East West Seafoods owns and operates the F/V Pacific Producer. In support

of this plea agreement, a third-party valuation was done to assess the value of the

F/V Pacific Producer. Based on this valuation, and the fact that the defendant has a

limited ability to pay a fine, the parties have agreed to recommend a fine in this case

of $50,000 to be paid in increments of at least $10,000 during each year of the five-

year term of probation recommended by the parties.

The defendant further agrees that the criminal fine paid pursuant to this

agreement shall not be taken or used as a deduction or credit against, or otherwise

used to reduce the amount of taxes, royalties, or any other payments to the United

States. In addition, since all the fine payments agreed to herein are part of the

resolution of a criminal investigation, the defendant will not characterize, publicize,

or refer to these payments as voluntary donations or contributions.

## III. ADVISORY UNITED STATES SENTENCING GUIDELINES; GUIDELINE APPLICATION AGREEMENTS; SENTENCING RECOMMENDATIONS

### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offenses to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G. Environmental crimes are excluded from the fine calculation section applicable to organizations in Chapter 8 of the U.S.S.G. Accordingly, corporate fines are determined considering the factors listed in 18 U.S.C. Section 3572.

### B. Guideline Application Agreements

The parties have no agreements on any guideline applications unless set forth below in this section.

#### 1. Acceptance of Responsibility

Subject to the defendant satisfying the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the

U.S. v. EAST WEST SEAFOODS          Page 13 of 23
Plea Agreement

defendant fails to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

## C.    Sentencing Recommendations

If the Court orders preparation of a presentence report, the United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G.

The parties agree to recommend that the defendant should be sentenced to pay a fine in the amount of $50,000, and to serve a five (5) year term of probation with special conditions that it (1) will pay in full all pre-existing Coast Guard and OSHA fines by the date of sentencing in this case; (2) will pay at least $10,000 towards the fine in this case each year of probation; (3) will submit to a warrantless search of person, residence, vehicle, personal effects, place of employment, and other property by a federal probation or pretrial services officer or other law enforcement officer, based upon reasonable suspicion of contraband or a violation of a condition of probation; (4) will provide the United States Attorney's Office for the District of Alaska and the United States Probation Office for the District of Alaska with immediate notice of any name change, business reorganization, change of control or ownership, or similar action that significantly impacts the operation of the defendant's business or the fulfillment of the Plea Agreement and will  provide both

U.S. v. EAST WEST SEAFOODS          Page 14 of 23
Plea Agreement

offices with immediate notice of any acquisition, sale, change in management, operation or ownership of any vessel that is owned or operated by the defendant or any affiliated entity; (5) will submit to unannounced inspections of any vessel it owns, operates, manages, or controls, by the United States, including law enforcement; (6) will instruct crewmembers on the proper operation of the pollution prevention equipment, including the Oil Water Separator, and the completion of the Oil Record Book; and (7) will review and certify the accuracy of the Oil Record Book every six months for any vessel owned, operated, managed, or controlled by defendant.

Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O. recommends. The parties have no other agreements concerning the sentence to be imposed, and are free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. §§ 3553 and 3572.

## IV. WAIVER OF TRIAL, APPELLATE RIGHTS, AND COLLATERAL ATTACK RIGHTS; RULE 410 WAIVER

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

U.S. v. EAST WEST SEAFOODS          Page 15 of 23
Plea Agreement

- The right to have the charges presented to the grand jury prior to entering the guilty plea;

- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

- The right to object to the composition of the grand or trial jury;

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial -- the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and

- The right to contest the validity of any searches conducted on the defendant's property or person.

## B.    Appellate Rights

The defendant waives the right to appeal the conviction resulting from the entry of guilty plea to the charges set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in Section II D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes– including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution.

## C.    Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting convictions and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel -- based on information not now known to the defendant and

which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty pleas.

### D.  Rule 410 Waiver

The defendant agrees that by signing this agreement it is admitting to the facts in the Factual Basis portion of this agreement. The defendant further agrees that the facts that it admits in the Factual Basis portion of this agreement shall be admitted as stipulations in any proceeding, trial, or sentencing, regardless of whether the Court accepts or rejects, in whole or in part, this agreement and regardless of whether the defendant's guilty plea is accepted, rejected, or withdrawn at any time. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11.

## V.  ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty pleas and the Court's acceptance of the defendant's pleas and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense -- now known -- arising out of the subject of the investigation related to the charges brought in the Indictment in this case and the defendant's admissions set forth in Section II C. Provided, however, if the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's sentence or conviction is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the

United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements.

## VI.   ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2 (d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII.   THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, the authorized representative for East West Seafoods LLC (East West Seafoods), the defendant, affirm this document contains all of the agreements made between East West Seafoods – with the assistance of counsel – and the United States regarding these pleas.  There are no other promises, assurances, or agreements the United States has made or entered into with East West Seafoods that have affected the decision to enter any plea of guilty or to enter into this agreement.  If there are any additional promises, assurances, or agreements, I and the United States will jointly inform the Court in writing before a guilty plea is entered on behalf of East West Seafoods.

East West Seafoods understands that no one, including counsel for East West

Seafoods can guarantee the outcome of this case or what sentence the Court may impose if East West Seafoods pleads guilty. If anyone, including East West Seafoods' attorney, has done or said anything other than what is contained in this agreement, I will inform the Court prior to the entry of a plea.

East West Seafoods enters into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on East West Seafoods' part to fulfill these obligations will constitute a material breach of this agreement. If East West Seafoods breaches this agreement, East West Seafoods agrees the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against East West Seafoods on any charges arising out of the investigation in this matter. If East West Seafoods' compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which East West Seafoods agrees any of East West Seafoods' disclosures will be admissible, the Court will determine whether or not East West Seafoods has violated the terms of this agreement. East West Seafoods understands the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask defense counsel under an oath to answer questions about the offenses to which East West Seafoods is pleading guilty and East West Seafoods' understanding of this plea agreement. I understand that East West

Seafoods may be prosecuted if it make false statements or gives false answers and may suffer other consequences set forth in this agreement.

On behalf of East West Seafoods, I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement on behalf of East West Seafoods or to have defense counsel enter the pleas on behalf of East West Seafoods. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with East West Seafoods' attorney is privileged and confidential, and cannot be revealed without East West Seafoods' permission. Knowing this, I agree that this document will be filed with the Court.

East West Seafoods is fully satisfied with the representation given East West Seafoods by the attorneys for East West Seafoods. East West Seafoods' attorneys and I have discussed all possible defenses to the charges to which East West Seafoods is pleading guilty. East West Seafoods' attorney has investigated East West Seafoods' case and followed up on any information and issues East West Seafoods has raised to East West Seafoods' satisfaction. East West Seafoods' attorneys have taken the time to fully explain the legal and factual issues involved in this case to East West Seafoods' satisfaction. The attorneys and East West Seafoods have discussed the statutes applicable to East West Seafoods' offenses and sentence as well as the possible effect the U.S.S.G. may have on East West Seafoods'

sentence.

Based on East West Seafoods' complete understanding of this plea agreement,

East West Seafoods therefore wishes to enter pleas of guilty to Counts 1, 2, 3, and 4

of the Indictment filed in this case.

DATED: 1/25/16

EAST WEST SEAFOODS LLC
Name: CHRIS TSABOURIS
Title: MANAGER MEMBER

As counsel for the defendant, I have discussed all plea offers and the terms of
this plea agreement with the defendant, have fully explained the charges to which the
defendant is pleading guilty and the necessary elements, all possible defenses, and
the consequences of a guilty plea to a felony. Based on these discussions, I have no
reason to doubt that the defendant is knowingly and voluntarily entering into this
agreement and entering a plea of guilty. I know of no reason to question the
defendant's competency to make these decisions. If, prior to the imposition of
sentence, I become aware of any reason to question the defendant's competency to
enter into this plea agreement or to enter a plea of guilty, I will immediately inform
the Court.

DATED: 1/25/16

JOHN CASHION
Attorney for EAST WEST SEAFOODS LLC

//

//

//

//

//

U.S. v. EAST WEST SEAFOODS          Page 22 of 23
Plea Agreement

On behalf of the United States, the following accept the defendant's offer to plead guilty under the terms of this plea agreement.


DATED: 1/26/16


KAREN L. LOEFFLER
United States of America
United States Attorney


DATED: 1/26/2016


YVONNE LAMOUREUX
United States of America
Assistant U.S. Attorney